UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FULLER, A/K/A RALEEM-X,
ALYCIA WILEY, TIERRA THOMAS,
and DIONDRE THOMAS,

        Plaintiffs,

                                              Case No. 2:15-cv-14065
v.                                            Honorable Victoria A. Roberts

PCS DAILY DIAL PHONE COMPANY,

        Defendant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RE-HEARING (ECF NO. 7),
MOTION TO PROCEED *PRO SE* (ECF NO. 9),
AND MOTION FOR A VOLUNTARY DISMISSAL (ECF NO. 10)**

On November 16, 2015, plaintiffs commenced this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 and the Michigan Consumer Protection Act. Plaintiff Curtis Fuller, also known as Raleem-X, and plaintiff Diondre Thomas are Michigan prisoners. The other two plaintiffs, Alycia Wiley and Tierra Thomas, are private citizens living in Detroit and Inkster, Michigan, respectively. Plaintiffs did not pay the filing fee for this action, but the lead plaintiff, Curtis Fuller, filed a motion to proceed *in forma pauperis* on behalf of all the plaintiffs.

The civil rights complaint alleged that defendant PCS Daily Dial Phone Company wrongfully interfered with the plaintiffs' ability to call each other. On February 12, 2016, the Court summarily dismissed the complaint because it was identical to a prior complaint that the plaintiffs filed and because the plaintiffs had not cured the procedural deficiencies apparent in their previous case. The Court also noted that plaintiff Fuller could not proceed without prepayment of the filing fee because three of his prior cases were dismissed as frivolous or for

failure to state a claim. *See* 28 U.S.C. § 1915(g) (stating that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

Currently before the Court are the plaintiffs' motion for rehearing, motion to proceed *pro se*, and motion for a voluntary dismissal. In the motion for re-hearing (ECF No. 7), plaintiff Fuller asks the Court to reconsider its prior decision and to allow him to proceed with this case on the basis that his prior cases were not "strikes" under 28 U.S.C. § 1915(g), but mere procedural errors, which he corrected. In the motion to proceed *pro se* (ECF No. 9), plaintiffs Fuller and Alycia Wiley ask the Court to suspend the filing fee and costs for this action until the conclusion of this case because both of them are indigent. Finally, in the motion for a voluntary dismissal (ECF No. 10), plaintiffs Fuller and Wiley concede that a dismissal of this action was the right thing to do. They ask the Court to dismiss this action on the grounds stated in the Court's previous opinion.

Plaintiffs' motion to dismiss this action is moot because the Court previously dismissed their complaint. *See* Order Dismissing the Complaint and Denying the Applications to Proceed without Prepayment of the Filing Fee, ECF No. 6. And, in light of the plaintiffs' concession that the Court properly dismissed their complaint, the motions for re-hearing and the motion to proceed *pro se* also are moot. The Court therefore denies Plaintiffs' motion for re-hearing (ECF No. 7), their motion to proceed *pro se* (ECF No. 9), and their motion for a voluntary dismissal

(ECF No. 10).

                                                <u>S/Victoria A. Roberts</u>

Dated: 7/8/2016                   VICTORIA A. ROBERTS
                                        UNITED STATES DISTRICT JUDGE